No. 62
FRIEDMAN v. HUNTSBERRY et al
Ohio Appeals, 9th Dist., Summit County
No. 728. Decided Dec. 3, 1923
First Publication of this Opinion

997. REAL ESTATE—Restriction of to use for residence purposes—Proposed erection of gas and automobile accessories station, a violation of the restriction—Notice of, sufficient to restrain purchasers.

Funk, P. J., Pardee and Washburn, JJ.
PER CURIAM.

This action was brought by plaintiff, Friedman, in the Court of Common Pleas of Summit county and was heard upon the evidence and decided in her favor and was taken to the Court of Appeals on appeal from the decision of the Common Pleas Court.

The facts in the case are, that in 1917 one Frank took title to five certain lots in the City of Akron, which he subsequently subdivided and sold the parcels to eleven different persons, and in each deed was inserted the following restriction:

"Provided, however, that it now and hereby is agreed by the grantor, his heirs and assigns, and the grantee, her heirs and assigns, that all of lots 106, 107, 108, 114 and 115 in said Gale Allotment are, and shall be, restricted to use for residence purposes only for and during a period of twenty years from and after April 1, 1917, and during said period the premises hereby conveyed can be used for no other purpose by the grantee, her heirs and assigns."

Gladys Rogers was a purchaser of one of these parcels and sold it to defendants, Huntsberries, by land contract, and it was alleged in the petition, that they propose to erect upon two parcels a gas station and automobile accessory store. The plaintiff, Friedman, is also owner of other parcels and brought this action to restrain the defendants from violating the above covenant.

The Court of Appeals heard the case on a transcript of the evidence taken in the court below and decided that the restrictions imposed by the original deeds from Frank, to his several grantees, are binding and enforceable and when the defendants, Huntsberries, entered into the land contracts, they had full notice of the restrictions and are bound thereby. In the opinion of the court the law applicable to this case is well settled in Ohio.

*Attorneys*—Friedman, Rockwell & Grant, and Anderson, Ormsby and Kennedy, Akron, for plaintiff! Commins, Brouse, Englebeck and McDowell, Akron, for defendants.